## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| Nikema Adger, Eliezar Mendez, Richard Legree, Jamar Myers, Shalea Holland, Courtney Flamer, TaHira Harper, Heather Fleming, Anwar Bilal, David Dillard, Rita Brown, Eugenia McBride, Lalisha Barrow, Champaine Echols, Darla Norman, and Jasmyn Roberts, | ) ) ) ) ) ) ) ) | |
| | ) | Case No. 4:19-cv-599-RWS-CAN |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Experian Information Solutions, Inc. | ) ) | |
| Defendant. | ) ) | |
| | ) | |

### DEFENDANT EXPERIAN INFORMATION SOLUTION'S ANSWER AND DEFENSES TO COMPLAINT

Defendant Experian Information Solutions, Inc. ("Experian") hereby submits its Answer and Affirmative Defenses to the Amended Complaint of Plaintiffs Nikema Adger, Eliezar Mendez, Richard Legree, Jamar Myers, Shalea Holland, Courtney Flamer, TaHira Harper, Heather Fleming, Anwar Bilal, David Dillard, Rita Brown, Eugenia McBride, Lalisha Barrow, Champaine Echols, Darla Norman, and Jasmyn Roberts ("Plaintiffs"). For purposes of its Answer and Affirmative Defenses, unless otherwise indicated, Experian lacks sufficient information to form a belief as to the truth of the allegations directed to the other entities not named in this lawsuit, and on that basis denies each and every such allegation.

1. Paragraph 1 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian solely admits that Plaintiffs purport to state claims allegedly arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. Experian admits that this Court has the authority to grant relief pursuant to 15 U.S.C. § 1681 *et*

*seq.* but denies that it violated the FCRA. Except as expressly admitted, Experian denies any and all remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE[1]

2.      Paragraph 2 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian does not dispute that jurisdiction is proper under 15. U.S.C. § 1681p, 28 U.S.C. §1331. Experian denies that it is a debt collector.

3.      Paragraph 3 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian does not dispute that venue is proper under 28 U.S.C. § 1391(b)(2). Experian also admits that its consumer contact center is located in Allen, Texas.

## PARTIES

4.      In response to Paragraph 4 of the Complaint, Experian admits upon information and belief, that Plaintiffs are natural persons. Regarding citizenship, Experian is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies, generally and specifically, each and every allegation contained therein. The remainder of Paragraph 4 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian admits that Plaintiffs are "consumers" as defined by the FCRA, 15 U.S.C. §§ 1681a(c) and 1692a(3). Except as expressly admitted, Experian denies any and all remaining allegations in Paragraph 4.

5.      In response to Paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer

---

[1]  For ease of reference and to facilitate a review of its Answer and Affirmative Defenses, Experian has incorporated into its Answer the primary (but not subsidiary) headings used by Plaintiffs in the Complaint, but in doing so, Experian does not adopt either expressly or by implication the statements contained in those headings. Furthermore, under commonly accepted requirements for pleadings, no response on the part of Experian is needed to the headings used by Plaintiffs, but if Experian is mistaken in this regard, Experian hereby expressly denies any factual allegations or legal conclusions contained in the headings used by Plaintiffs.

reports as defined by 15 U.S.C. § 1681a(d).    Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 5 of the Complaint.

6.      Experian admits that its consumer contact center is located in Allen, Texas.

## FACTUAL ALLEGATIONS

7.      In response to Paragraph 7 of the Complaint, Experian admits Plaintiffs have incorporated Paragraphs 1-6 as though fully stated herein.

8.      Paragraph 8 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information Experian reported or that Experian has been reporting false and inaccurate information about Plaintiffs that it knew or should have known was incorrect.  Experian further denies any and all remaining allegations in Paragraph 8.

## PLAINTIFFS' DISPUTE

9.      Paragraph 9 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies that it failed to investigate the accounts disputed by Plaintiffs or that Experian otherwise violated the FCRA.  To the extent Paragraph 9 relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis denies each and every allegation therein.  Experian further denies any and all remaining allegations in Paragraph 9.

10.      In response to Paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     Paragraph 11 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies that it failed to reinvestigate the account disputed by Plaintiffs, that it is "changing dates that should not be changed" in Plaintiffs' consumer credit file, or that Experian is otherwise allowing others to improperly change dates in Plaintiffs' consumer credit file.  To the extent Paragraph 11 relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis denies each and every allegation therein.  Experian further denies any and all remaining allegations in Paragraph 11.

12.     In response to Paragraph 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  Experian specifically denies that it did not provide a good faith investigation into Plaintiffs' accounts.

13.     Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies each and every allegation therein.

14.     In response to Paragraph 14 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  Experian specifically denies that it violated the FCRA.  As to other entities, Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and on that basis denies each and every allegation therein.

15.     In response to Paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.    In response to Paragraph 16 of the Complaint, Experian denies any and all allegations in Paragraph 16.

17.    Experian at this time lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis denies each and every allegation therein.

18.    Paragraph 18 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it has improperly "re-aged" a Verizon account disputed by Plaintiffs.  In response to Paragraph 18, as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

19.    Paragraph 19 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein.  In response to Paragraph 19 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

20.    Paragraph 20 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein.  In response to Paragraph 20 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

21.    Paragraph 21 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein.  In response to Paragraph 21 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

22.    Paragraph 22 of the Complaint recites legal conclusions that require no response. To the extent Paragraph 22 requires a response and relates to Experian, Experian denies any and all allegations contained therein.  To the extent Paragraph 22 relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

23.    Paragraph 23 of the Complaint recites legal conclusions that require no response. To the extent Paragraph 23 requires a response and relates to Experian, Experian denies any and all allegations contained therein.  Experian specifically denies that it failed to conduct a reasonable investigation.  To the extent Paragraph 23 relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

24.    In response to Paragraph 24 of the Complaint as it relates to Experian, Experian denies each and every allegation contained therein.  In response to Paragraph 24 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.  Experian further denies any and all remaining allegations in Paragraph 24.

25.     In response to Paragraph 25 of the Complaint, as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that it has caused Plaintiffs to suffer injury or damage.

26.     In response to Paragraph 26 of the Complaint, as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that it has caused Plaintiffs to suffer injury or damage.  As it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

27.     In response to Paragraph 27 of the Complaint to as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

28.     In response to Paragraph 28 of the Complaint as it relates to Experian, Experian denies each and every allegation therein.

29.     In response to Paragraph 29 of the Complaint as it relates to Experian, Experian denies each and every allegation contained therein.  Experian specifically denies that it allegedly acted willfully or with malice, denies that it caused Plaintiffs to suffer any injury, and further denies that it is in any way liable to Plaintiffs for any damages.  In response to Paragraph 29 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

## CAUSES OF ACTION

30.    In response to Paragraph 30 of the Complaint, Experian incorporates by reference its responses to all paragraphs of the Complaint as though fully stated herein.

31.    In response to Paragraph 31 of the Complaint as it relates to Experian, Experian admits that Plaintiffs have brought suit under the FCRA and FDCPA.  Experian denies, generally and specifically, that any causes of action exist against Experian or that any damages were suffered by Plaintiffs.  In response to Paragraph 31 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

### *Count I: Fair Credit Reporting Act*

32.    In response to Paragraph 32 of the Complaint, Experian incorporates by reference its responses to all paragraphs of the Complaint as though fully stated herein.

33.    In response to Paragraph 33 of the Complaint as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that Experian in some way violated the FCRA or caused Plaintiffs to suffer injury or damage.  In response to Paragraph 33 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

34.    Paragraph 34 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein,

including specifically that it failed to reinvestigate Plaintiffs' disputes as required under the FCRA.

35.    Paragraph 35 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein, including specifically that it failed to investigate Plaintiffs' disputes as required under the FCRA. As to other entities, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

36.    In response to Paragraph 36 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

37.    In response to Paragraph 37 of the Complaint, as it relates to Experian, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.  In response to Paragraph 37 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

38.    Paragraph 38 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that Experian in some way violated the FCRA or caused Plaintiffs to suffer injury or damage.  Experian specifically denies that it "allows" re-aging accounts or "changes" the date of status.  In response to Paragraph 38 as it relates to

another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

39.     Paragraph 39 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein.

40.     Paragraph 40 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that Experian in some way violated the FCRA or caused Plaintiffs to suffer injury or damage.

41.     Paragraph 41 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein, including specifically that Experian in some way violated the FCRA or caused Plaintiffs to suffer injury or damage.  In response to Paragraph 41 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

42.     Paragraph 42 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it failed to reinvestigate the account disputed by Plaintiffs or that it otherwise violated the FCRA.  Experian further denies each and every allegation referring to Experian contained in Paragraph 42.  In response to Paragraph 42 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

43.      Paragraph 43 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein.  In response to Paragraph 43 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

44.      In response to Paragraph 44 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

45.      In response to Paragraph 45 of the Complaint, Experian denies that it failed to properly investigate the account disputed by Plaintiff or that it otherwise violated the FCRA or caused Plaintiff damages.  Experian further denies each and every allegation referring to Experian contained in Paragraph 45.  In response to Paragraph 45 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

46.      In response to Paragraph 46 of the Complaint, Experian denies each and every allegation contained therein.  In response to Paragraph 46 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

47.      Paragraph 47 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein.

48.     In response to Paragraph 48 of the Complaint as it relates to Experian, Experian denies each and every allegation contained therein.  In response to Paragraph 48 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

49.     Paragraph 49 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it violated the FCRA or caused Plaintiffs damages.  Experian further denies each and every allegation referring to Experian contained in Paragraph 49.  In response to Paragraph 49 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

50.     Paragraph 50 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it failed to reasonably investigate or reinvestigate the account disputed by Plaintiffs or that it otherwise violated the FCRA or caused Plaintiffs' damages.  Experian further denies each and every allegation referring to Experian contained in Paragraph 50.  In response to Paragraph 50 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

51.     Paragraph 51 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it failed to investigate the account disputed by Plaintiffs, that it re-aged Plaintiffs' accounts or that it otherwise violated the FCRA or caused Plaintiffs damages.  Experian further denies each and every allegation referring to Experian contained in Paragraph 51.  In response to Paragraph 51 as it relates to another entity,

Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

52. Paragraph 52 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation referring to Experian in Paragraph 52. Experian specifically denies that it violated the FCRA. As it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

53. In response to Paragraph 53 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

54. Paragraph 54 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it failed to investigate the account disputed by Plaintiffs, that it re-aged Plaintiffs' accounts, or that it otherwise violated the FCRA or caused Plaintiffs damages. Experian further denies each and every allegation referring to Experian contained in Paragraph 54. In response to Paragraph 54 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

55. Paragraph 55 of the Complaint recites legal conclusions that require no response. To the extent a response to Paragraph 55 of the Complaint is required, Experian denies each and every allegation in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation therein.

57.     Paragraph 57 of the Complaint recites legal conclusions that require no response. Experian denies that it violated the FCRA.  Experian denies that it failed to maintain reasonable procedures to assure maximum possible accuracy of Plaintiffs consumer credit files.  As it related to another entity, Experian lacks information sufficient to form a belief as to the truth of the allegations that relate to the other defendant and on that basis denies each and every allegation therein.  Experian further denies any and all remaining allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation referring to Experian contained in Paragraph 58.  In response to Paragraph 58 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

59.     Paragraph 59 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it violated the FCRA or caused Plaintiffs damages.  Experian denies that it failed to maintain reasonable procedures to assure maximum possible accuracy of Plaintiffs' consumer credit files.  Experian further denies each and every allegation referring to Experian contained in Paragraph 59.  In response to Paragraph 59 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

60.    Paragraph 60 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that Experian in some way violated the FCRA or caused Plaintiffs to suffer injury or damage.  Experian denies that it failed to maintain reasonable procedures to assure maximum possible accuracy of Plaintiffs' consumer credit files. In response to Paragraph 60 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

61.    Paragraph 61 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it failed to maintain reasonable procedures to assure maximum possible accuracy of Plaintiffs consumer credit files.  Experian further denies that it otherwise violated the FCRA or caused Plaintiffs damages.  Experian further denies each and every allegation referring to Experian contained in Paragraph 61.  In response to Paragraph 61 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

62.    Experian denies each and every allegation referring to Experian contained in Paragraph 62.  In response to Paragraph 62 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

63.    Paragraph 63 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein.

64.     In response to Paragraph 64 of the Complaint, Experian denies each allegation contained therein.  Experian lacks information sufficient to form a belief as to the truth of the allegations that relate to another entity and on that basis denies each and every allegation therein.

65.     In response to Paragraph 65 of the Complaint, Experian denies each and every allegation contained therein.

66.     Paragraph 66 contains legal conclusions which require no response.  To the extent a response to Paragraph 66 of the Complaint is required, Experian denies each and every allegation contained therein.

67.     Paragraph 67 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein. Experian denies that it violated the FCRA.

68.     Paragraph 68 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that Experian in some way violated the FCRA or caused Plaintiffs to suffer injury or damage.

69.     Paragraph 69 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein, including specifically that Experian in some way violated the FCRA or caused Plaintiffs to suffer injury or damage.  In response to Paragraph 69 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

70.     Experian denies each and every allegation contained in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein.

72.     In response to Paragraph 72 of the Complaint, Experian denies each and every allegation contained therein as it relates to Experian.

73.     Paragraph 73 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein.

74.     Paragraph 74 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies each and every allegation contained therein. In response to Paragraph 74 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

75.     Paragraph 75 of the Complaint recites legal conclusions that require no response. To the extent a response to Paragraph 75 of the Complaint is necessary, as it relates to Experian, Experian denies each and every allegation contained therein.  Experian denies that it allegedly acted willfully or with malice, denies that it caused Plaintiffs to suffer any injury, and further denies that it is in any way liable to Plaintiffs for any damages.

76.     Paragraph 76 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every

allegation contained therein.  Experian denies that it acted in a reckless manner.  In response to Paragraph 76 as it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

77.     Paragraph 77 of the Complaint recites legal conclusions that require no response. To the extent a response is required, as it relates to Experian, Experian denies each and every allegation contained therein.

78.     In response to Paragraph 78 of the Complaint, Experian denies each and every allegation contained therein.  Experian further denies that it otherwise violated the FCRA or caused Plaintiffs damages.  As it relates to another entity, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

79.     Paragraph 79 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that Experian caused Plaintiffs to suffer any damages or that Experian is otherwise liable to Plaintiffs.  Experian further denies any and all remaining allegations in Paragraph 79 of the Complaint.

80.     In response to Paragraph 80 of the Complaint, Experian denies any and all allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies any and all allegations in Paragraph 81 of the Complaint.

82.     Paragraph 82 states a legal conclusion which requires no response. To the extent a response is required, Experian denies any and all allegations in Paragraph 82 of the Complaint.

83.     In response to Paragraph 83 of the Complaint, Experian denies any and all allegations, and specifically denies that Experian in some way violated the FCRA or caused Plaintiffs any damages.

84.     Paragraph 84 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it caused Plaintiffs to suffer any injury, and further denies that it is in any way liable to Plaintiffs for any damages.

85.     Paragraph 85 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies any and all allegations in Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian denies that it allegedly acted willfully or with malice, denies that it caused Plaintiffs to suffer any injury, and further denies that it is in any way liable to Plaintiffs for any damages.

## DEMAND FOR JURY TRIAL

87.     In response to Paragraph 87 of the Complaint, Experian admits that Plaintiffs demand a jury trial on all claims.

## AFFIRMATIVE DEFENSES

88.     Without assuming the burden of proof where it further rests with Plaintiffs, Experian pleads the following defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

89.     The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (QUALIFIED IMMUNITY)

90.     All of Plaintiffs' claims against Experian are barred by the qualified immunity of FCRA, 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

91.     All of Plaintiffs' claims against Experian are barred because any information Experian communicated to any third person regarding Plaintiffs were true.

## FOURTH AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

92.     Any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

93.     Plaintiffs have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

94.    Any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs and resulted from Plaintiffs' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

95.    Any damages which Plaintiffs may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiffs.  Therefore, Plaintiffs are estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

96.    The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

97.    Plaintiffs' claims are barred by the statute of limitations, including but not limited to FCRA, 15 U.S.C. § 1681p.

## TENTH DEFENSE
### (INTERVENING CAUSES)

98.    Any damages Plaintiffs may have suffered, which Experian continues to deny, were caused not by Experian but by intervening causes.

## ELEVENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

99.    Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## **PRAYER**

WHEREFORE, having fully answered or further responded to the allegations in the Complaint, Experian prays as follows:

(1)    That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety and with prejudice;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Dated:  December 26, 2019          */s/ Dan Syed*
                                   Daniel Syed
                                   Texas State Bar No. 24098493
                                   JONES DAY
                                   2727 North Harwood Street
                                   Dallas, TX 75201
                                   Telephone:  (214) 969-5209
                                   Facsimile:  (214) 969-5100
                                   Email:  dsyed@jonesday.com

                                   *Counsel for Defendant*
                                   *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all attorneys of record via the transmission of Notices of Electronic Filing generated by CM/ECF.

<div align="center" style="margin-left:40%">

*/s/ Dan Syed*     

Dan Syed

</div>